UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAN B. DAVIS,

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____/

Case Number 16-13495
Honorable David M. Lawson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on September 27, 2016 seeking review of the Commissioner's decision denying her claim for disability benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Stephanie Dawkins Davis under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Davis filed a report on February 12, 2018 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections. The matter is now before the Court.

The plaintiff, who is now 55 years old, filed her application for disability insurance benefits on January 30, 2014, when she was 51. In the application that is the subject of this lawsuit, the

plaintiff alleged a disability onset date of November 1, 2013. Previously, she worked as a home healthcare aid, hand packer, hi-lo driver, housekeeper, financial aid technician, babysitter, and construction worker. She contended that she was not able to perform any work because of lower back problems, a pinched nerve in her back, severe arthritis, hypertension, high blood pressure, and depression.

The plaintiff's application for disability benefits was denied initially on March 20, 2014. The plaintiff timely filed a request for an administrative hearing, and on June 3, 2015, the plaintiff appeared before Administrative Law Judge (ALJ) Yasmin Elias. She was represented by an attorney at the time. On July 1, 2015, ALJ Elias issued a written decision in which she found that the plaintiff was not disabled. On August 8, 2016, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on September 27, 2016.

ALJ Elias reached her conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520(a). She found that the plaintiff had not engaged in substantial gainful activity since November 1, 2013 (step one); the plaintiff suffered from spinal disorder, osteoarthritis, asthma, and an affective disorder, impairments which were "severe" within the meaning of the Social Security Act (step two); and none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

The ALJ then determined that the plaintiff had the residual functional capacity (RFC) to perform a range of light work as defined under 20 C.F.R. § 404.1567(b), except that she is unable to climb ladders, ropes, and scaffolds; she is limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crawling, and crouching; she must avoid moderate exposure to

irritants (e.g., fumes, dusts, and odors), and hazards (e.g., moving machinery and unprotected heights); and she is limited to one to two step tasks. Because of that restricted RFC, the ALJ found that the plaintiff was unable to perform the duties required for her past relevant work, mentioned above, which ranged from skilled to unskilled, and required exertional levels ranging from sedentary to very heavy (step four).

In applying the fifth step, the ALJ considered the testimony of a vocational expert, who stated that the plaintiff could perform jobs such as hand packer, with 2,300 jobs existing in Michigan and 46,100 jobs existing nationally; routing clerk, with 2,100 jobs existing in Michigan and 51,000 jobs existing nationally; and assembler, with 23,000 jobs existing nationally. Based on those findings and using Medical Vocational Rule 202.14 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

After the Appeals Council declined review, the ALJ's decision became the final decision of the Commissioner.

The plaintiff filed her complaint on her own behalf (that is, without an attorney) seeking review of that decision. She filed a motion for summary judgment asking that the Commissioner's decision be set aside. The defendant likewise filed a motion for summary judgment asking for affirmance. In her motion, the plaintiff listed certain errors, which she believes the ALJ committed, but she did not elaborate on her claims or refer to the record in any significant way. First, she contended that the ALJ's decision was not supported by substantial evidence. Judge Davis conducted an extensive review of the record and concluded otherwise. The plaintiff also took issue with the Appeals Council's treatment of her claim. The magistrate judge correctly explained that this Court's review does not extend to the action of the Appeals Council when that body denies

review. But she addressed the plaintiff's error assignments as if they were lodged against the ALJ's decision. And she throughly discussed each in turn, concluding that no errors were committed.

The plaintiff also argued that the Commissioner's procedures were defective, in that the plaintiff never received notice that an expert witness would testify at her administrative hearing, she was not told she could submit evidence and argument of her own, she could not testify properly because she was medicated, and the Commissioner had a motive to deny her benefits. The magistrate judge found that the record simply contradicted the plaintiff's lack-of-notice claims, there was no bias on the Commissioner's part, and the plaintiff was afforded ample opportunity to present her case (including through her own testimony), especially since she was represented by a lawyer at the administrative hearing.

The plaintiff filed a brief in response to the Commissioner's motion for summary judgment in which she raised a new argument that because the ALJ, when assessing the plaintiff's activities of daily living, noted that she could attend church, her First Amendment rights were abridged. She also argued that she was denied her rights because of her obesity. The magistrate judge considered those arguments waived because the plaintiff failed to raise them in her opening brief in support of her motion for summary judgment.

The plaintiff filed timely objections to the report and recommendation, listing six numbered objections. However, none of those objections address any of the magistrate judge's findings, except, perhaps, the waiver finding. Instead, the objections appear to consist of an excerpt from some legal treatise (without attribution) discussing the nature of a "cross-motion," and its differences from a "counter motion." Relying on hypothetical examples, the plaintiff contends that such treatment can lead to several violations of court rules, including the filing of reply briefs without the

Court's permission. The plaintiff asks the Court to dismiss the magistrate judge's report and recommendation and allow the case "to proceed to try this case on its merits."

The plaintiff's motion papers, together with her objections, suggest a fundamental misunderstanding of a Social Security appeal proceeding in the district court. First, when seeking Social Security disability benefits at any level, the plaintiff has the burden to prove that she is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990). The ALJ determined that the plaintiff did not sustain that burden.

Congress has conferred upon the plaintiff a right to seek review of that determination in 42 U.S.C. § 405(g). However, that right of "review" does not mean that she can start from scratch. The ALJ's decision — which became the decision of the Commissioner when the Appeals Council denied review — carries great weight: the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). And a reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*,

499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001 (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid.* (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

As noted above, this case was referred to a magistrate judge for initial review under 28 U.S.C. § 636(b)(1)(B). That statute affords the magistrate judge the limited power to hear arguments and furnish this Court with a report and a recommended disposition. The magistrate judge's decision does not become a final decision unless it is adopted by the Court. But if no objections are filed, the Court generally will adopt the magistrate judge's recommendation as its final decision.

If objections are filed, the Court will give fresh review "of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously considered by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

Those objections, however, must be specific. The idea is that they "provide[] the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district

court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff's objections are anything but specific. One might infer from her recitations that she was surprised that she could not raise new matters when she filed an answer to the Commissioner's motion for summary judgment. The magistrate judge's scheduling order [dkt. #14], however, made clear that the plaintiff was to file her motion for summary judgment, the defendant was to respond and file a motion for summary judgment of its own (a "cross motion," in the language of the order), and the plaintiff was allowed to file a reply. No additional rounds of briefing were contemplated. Therefore, the plaintiff was expected to raise all the issues supporting her appeal of the ALJ's decision in her opening brief. Generally, new arguments or issues are waived when they are raised for the first time in a reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

Looking past those objections to the plaintiff's answer (deemed a "reply" by the magistrate judge, in line with her scheduling order), it is easy to conclude that the new matter does not change the result. The ALJ's reference to church did not implicate the religion clauses of the First Amendment; it merely was a comment on what the plaintiff was able to do, and did not trench upon her freedom to worship (or not) as she pleased. The discussion of obesity likewise tracked the Commissioner's regulations on how that condition must be accounted for in a disability determination. *See* Social Security Ruling (SSR) 02-1p. And here, "the plaintiff has failed to point to any evidence in the record to establish that [her] obesity constitutes a severe impairment in itself,

or that it would aggravate any of [her] other impairments in some material way." *Soucie v. Comm'r of Soc. Sec.*, No. 16-10576, 2017 WL 727279, at *3 (E.D. Mich. Feb. 24, 2017).

More to the point, although the Court has examined the record, the plaintiff's objections are insufficient to trigger another plenary review of the administrative record, which the magistrate judge completed with great thoroughness. The plaintiff has not taken issue with any of the magistrate judge's findings on the material issues in the case. The Sixth Circuit has stated that "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The record before the Court indicates that the parties' respective motions for summary judgment were properly presented to the magistrate judge. The defendant's brief clearly stated the Commissioner's position, and the magistrate judge's report indicates that the parties' arguments and the administrative record were reviewed carefully.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #26] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #27] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #15] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #20] is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

        s/David M. Lawson
        DAVID M. LAWSON
        United States District Judge

Dated:   March 5, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2018.

        s/Susan Pinkowski
        SUSAN PINKOWSKI